HENRY NIGHTENGALE, PLAINTIFF, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION OF NEW JERSEY, DEFENDANT.

Decided March 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Henry H. Fryling* (*William H. Speer,* of counsel).

*Contra, Evans, Smith & Evans* (*John F. Evans,* of counsel).

PER CURIAM.

The plaintiff obtained a verdict against the defendant at the Passaic County Circuit for $20,000. The defendant seeks to set the verdict aside for several reasons. Twenty are pre-

sented to that end. They are discussed in the defendant's brief under seven heads.

Under the first head it is contended that the verdict is against the clear weight of the evidence, on the issue of negligence on part of the defendant, as well as on the issue of contributory negligence on part of the plaintiff, and the trial judge erred in refusing motion to nonsuit, and for a direction of verdict in favor of the defendant.

Counsel of defendant says, that under this head, reasons numbers 15, 16, 17 will be discussed.

Starting in with the legal propositions: (1) It is settled law that the court will not grant a nonsuit if there is any testimony tending to show there was negligence on part of the defendant. (2) That unless it clearly appears on part of the plaintiff's case that his negligence was proximately contributory to the defendant's negligent act a nonsuit cannot be legally granted. The burden of establishing contributory negligence is upon the defendant. (3) A trial judge cannot legally direct a verdict for the defendant unless it appears from the testimony offered, on behalf of defendant, or from all the evidence in the case, that there is a legal bar to the plaintiff's right of recovery. Where the defendant's testimony merely raises a question of fact, the case must go to the jury. (4) To warrant the setting aside a verdict against the clear weight of the evidence it must appear that it is the product of mistake, partiality, prejudice or passion.

In the light of those settled legal principles we have examined the testimony in the case before us with the result that we find, on the issue of negligence of the defendant, there was ample testimony tending to establish such negligence, and on the issue whether or not the plaintiff contributed to the defendant's negligence that there was a fair issue of fact raised for the determination of a jury. The verdict of the jury cannot be properly challenged that it was against the clear weight of the evidence.

The plaintiff's action against the defendant company grew out of a collision between one of the defendant's trolley cars and a Ford automobile owned and operated by the plaintiff,

which he was driving south on Main street, a public highway in the city of Paterson, with the result that the plaintiff was grievously injured.

The direction in which the plaintiff was operating his automobile, according to the testimony, required of him, as a careful driver, to give heed to the traffic in the rear of him, as well as to the traffic coming from the north in an opposite direction in which he was driving, and also to give heed to the traffic in Elizabeth street, into which street he was about to turn.

The proof is, that he made the cautionary observations, and saw the defendant's trolley car, when it was about two hundred feet away, at which point, the plaintiff, after first holding out his hand, as a signal that he was about to turn into Elizabeth street, and while in the act of turning his automobile, was run into by the trolley car.

There is plenary proof that the trolley car was being operated at an excessive rate of speed; that at the time the plaintiff was turning into Elizabeth street, the trolley car was two hundred feet away therefrom, and as there was no obstacle in the way to obstruct the view of the motorman, of the plaintiff's automobile, the only permissible inference is, that if the motorman had been on the alert he could not have failed to have seen the defendant, as he was making the turn.

While it is true, the plaintiff had a clear view of the approaching trolley car, he had a right to assume that the motorman was paying due regard to the movement of the traffic ahead of him, and was acting with the ordinary prudence of a prudent man, and therefore, had his car under control, so that he, the plaintiff could make the turn with safety. This ordinary caution, according to the testimony, the motorman did not take.

It appears that after the trial had resulted in a verdict for the plaintiff and a rule to show cause had been allowed by the trial judge to the defendant why a new trial should not be granted, an application was made to the trial judge, presumably on the plea that since the trial, and the granting of the rule, the defendant had discovered new evidence which was

material on the issue tried, and therefore asked leave to take depositions in that regard to be used upon the argument before this court upon the rule to show cause, which leave appears to have been granted.

There is nothing appearing in the depositions, or otherwise, that shows the defendant had used due diligence to obtain the testimony they now offer, before trial, or discloses that such testimony as they now offer, was not known to the defendant, before and at the time of the trial. On what basis this newly discovered evidence is offered, as such, does not appear. We know of no practice which allows the taking of depositions of an alleged newly discovered witness, unless there is a basis laid therefor, by affidavit. We find none in this case.

It appears that, after the trial which had resulted in a verdict for the plaintiff, February 14th, 1929, counsel of defendant applied to the trial judge within the time required by law, why the verdict should not be set aside and a new trial granted. Subsequently, on March 5th, 1929, on application of counsel of defendant, the trial judge made an order granting the defendant leave to take depositions to be used in the argument of the rule to show cause, theretofore granted in the case.

There is no indication in the latter rule that the basis of it was newly discovered evidence, nor does the record disclose that the trial judge had before him any affidavit or affidavits upon which to found judicial action.

The entire proceeding was irregular and contrary to established practice. At the time of the allowance of the second rule, the trial judge was without any authority to amend or enlarge the original rule. The application should have been made by the moving party, on affidavit or affidavits disclosing that the evidence offered was newly discovered, and that it was material to the issue passed upon by the jury, and that the existence of the witness or witnesses who could give such testimony was or were unknown to the defendant before and at the time of the trial, and that the exercise of due diligence on part of the defendant failed to discover the existence of

the witness or witnesses who could furnish such testimony, or as the case may be.

It is exclusively the function of the Supreme Court sitting *en banc,* on a rule to show cause allowed at the Circuit, in a Supreme Court issue, to enlarge such rule for the purpose of taking testimony, as indicated in the rule to be used in connection with the testimony adduced at the trial, upon the hearing of the argument of the rule to show cause.

We have, however, examined the testimony taken under the rule, because, according to the record no objection was raised to the irregularity of the proceedings and the testimony was apparently taken with the consent of counsel.

The alleged new evidence injected into the cause lacks all the essential elements of the recognized characteristics of newly discovered evidence. We need only mention here one of them. Even though the witness and the nature of his testimony were unknown to the defendant at the time of the trial, his testimony, at most, is merely cumulative. He is an added witness to the witnesses produced by the defendant who gave contradictory testimony to that given by the witnesses on part of the plaintiff, and especially by one of the plaintiff's principal witnesses.

It is a matter of common knowledge that there is in every contested case a sharp conflict in the testimony of witnesses, so that it is often difficult to detect where the truth lies. Verdicts must have some stability. They ought not be subject to be disturbed on charges like the present, namely, that the principal witness for the plaintiff made statements, at the trial, which statements were in conflict with those made by him to the alleged newly discovered witness.

Furthermore, it is essential before such alleged newly discovered evidence can be considered as such, the party offering such testimony must show strict compliance with the legal requirements to that end, and the proffered new testimony must not only be material and convincing, but of a character as would tend to reverse the result reached by the jury. As the alleged newly discovered testimony is, obviously, cumulative on the subject which was in controversy, at the trial, the

general legal rule is, not to disturb verdicts where such is the case, for if a contrary course were pursued a verdict would never have any stability.

It is next argued, in the brief of defendant, that the trial judge erroneously permitted to be given in evidence, by the plaintiff, loss of business profits sustained by him. We have examined the testimony objected to and think it was competent. Its probative value was for the jury.

Next, it is said, that the trial judge erroneously refused to charge defendant's request, "that if they find the plaintiff will have losses which will grow due in the future, they should, in arriving at their verdict, fix the present value of such losses as they find will grow due in the future."

This request was made by counsel of defendant after the jury had retired to consider on their verdict. Counsel of defendant called the court's attention to the fact that he had omitted to charge the jury regarding the burden of proof which rested upon the plaintiff. Thereupon, the court recalled the jury and charged on the burden of proof. The court then asked, "is there anything else now?" then counsel for defendant apparently made an oral request to the court to charge the jury as above recited on the question of damages, which the court refused to do.

While the rejected request to charge embraces the true legal rule, we are unable to perceive how, under the testimony, in relation to the present damages suffered by the plaintiff, any harm resulted to the defendant, because of the refusal of the court to charge the request. The request was not really helpful to the jury unless accompanied by further explanation of the financial theory upon which the request was based.

This case is before us on a rule to show cause. The case of *Lambert* v. *Mercer Traction Corporation,* 103 *N. J. L.* 23, relied upon by counsel of defendant, for setting aside the verdict, was before the court, on error, and the question of damages awarded in that case was not a matter which could enter into the consideration of the case, on appeal.

The instant case also differs from the Lambert case in that when the request was made, similar in import to the request

made in the present case to the trial judge, the jury had not yet retired from the bar. In the present case, the jury had retired and were considering the case upon its merits. The jury was recalled, at the request of defendant's counsel for a single purpose, and that purpose was for the court to instruct the jury as to the burden of proof, and because the court asked, "is there anything else?" that counsel of defendant took the opportunity to further ask the court to charge on the question of damages, as above recited.

Such practice was clearly in violation of all the legal rules which prevailed for more than half a century at the bar, but was relaxed in the Lambert case. However, the matter being before us on rule to show cause, we think the request to charge in the shape it was in, and under the circumstances, developed by the testimony, in the case, as to the injuries which the plaintiff received and the losses which he actually sustained, the failure to charge the request did no harm.

The past and present losses up to the time of the trial, and the past and present suffering of the plaintiff, the medical expenses, &c., without regard to future losses, are sufficient to support a very substantial verdict.

Next, it is said, that the trial judge erred in permitting counsel of plaintiff to state to the jury what, in his opinion, would be a fair verdict for the plaintiff. There is no merit in this contention. We find nothing in the statement that can be said to be inflammatory or prejudicial to the defendant. If counsel of defendant intended to take an exception to the statement made he should have requested the court to charge the jury, that the statement by counsel, in that respect, be disregarded, and if the court failed so to do, take an exception.

Next, it is said the verdict is excessive. We think it is. We have carefully examined the testimony in regard to the damages which the plaintiff suffered and have reached the conclusion that the verdict should be reduced to $15,000, and if plaintiff accepts the same, then the rule to show cause be discharged, and if not, the rule shall be made absolute.