CESARE PARODI, RESPONDENT, v. UNIVERSAL INSURANCE COMPANY, A CORPORATION, APPELLANT.

Submitted May 5, 1942—Decided June 9, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Adler & Adler* (*Edward I. Adler*).

For the respondent, *Rosen & Rosen* (*James Rosen*).

BODINE, J. The plaintiff was insured against damage to his car by reason of collision. The policy had the usual $50 deductible provision. On May 11th, 1941, the insured's car was damaged by collision. Plaintiff's repairman charged $193.85 for the repairs made. The company's agent estimated that the work could have been done for $98.65. The court gave the plaintiff judgment for $143.85. Defendant appeals.

The rule of law with respect to damages in similar cases is to be found in *Hintz* v. *Roberts*, 98 *N. J. L.* 768. The argument is made that the plaintiff's repairman charged for a new tire to replace one that had gone 5,000 miles, a new front spring and a new radiator core. There was no evidence that the automobile was rendered more valuable by reason thereof. After all, the liability for loss is for the damage caused and what that may amount to is for the trier of the facts. The towing charge was, of course, necessary to protect the car from further damage, and this the insured was obliged under the policy to do.

Nor can we observe from the testimony the slightest lack of co-operation by the insured, unless it be that he did not accept the offered estimate of damage. He was not obliged so to do because estimates do not always cover the repairs found necessary when the work is opened up.

The record in this case covers 111 printed pages. We find no error in the failure to produce the master policy because if it varied from the certificate produced a copy was within the control of the defendant. Certainly, the bank financing the purchase of plaintiff's car—the loan having been paid in full—had no interest in the litigation and was not a necessary party. Nor did the other owners of cars covered by the master policy have any interest in the litigation.

The sole question of merit was the difference in value before and after the collision. The cost of repairs was some evidence of the loss sustained. There was no error in the acceptance of such figure, in the absence of proof, that such repairs rendered the car more valuable than it was before the accident. Repairs cannot always be made from old parts.

The judgment is affirmed, with costs.