BRYAN CONSTRUCTION CO., INC., PLAINTIFF-APPELLANT, v. EMPLOYERS' SURPLUS LINES INSURANCE COMPANY, THE AETNA CASUALTY AND SURETY COMPANY, EMPLOYERS MUTUAL OF WAUSAU, ARTHUR J. O'CONNOR, JAMES J. O'CONNOR AND THOMAS A. LAFFEY, INDIVIDUALLY AND t/a O'CONNOR-LAFFEY & CO., WOHLREIGH AND ANDERSON, LTD., COUNTY OF UNION, A BODY POLITIC OF THE STATE OF NEW JERSEY, JOSEPH ALLAN, INGVALD MOE, AND RELIANCE INSURANCE COMPANY (FORMERLY STANDARD ACCIDENT INSURANCE COMPANY), DEFENDANTS-RESPONDENTS.

Argued March 7, 1972—Decided April 24, 1972.

*Mr. Joseph J. MacDonald* argued the cause for the appellant (*Messrs. Harrison, Hartman & MacDonald,* attorneys).

*Mr. Brian C. Harris* argued the cause for the respondent Employers' Surplus Lines Insurance Company (*Messrs. Braff, Litvak, Ertag & Wortmann,* attorneys).

*Mr. Gerald W. Conway* argued the cause for the respondent Employers Mutual of Wausau (*Messrs. Schreiber, Conway, Reis. man & Michals,* attorneys).

*Mr. William J. Cleary, Jr.* argued the cause for the respondent The Aetna Casualty and Surety Company (*Messrs. Lamb, Blake, Hutchinson & Dunne,* attorneys).

PER CURIAM. We agree essentially with the views expressed by Judge Conford in his dissenting òpinion in the Appellate Division (116 *N. J. Super.* 88, 98–105 (1971)); accordingly the judgments in favor of The Aetna Casualty and Surety Company and Employers Mutual of Wausau are affirmed and the judgment in favor of Employers' Surplus Lines Insurance Company is reversed.

We are satisfied that here the plaintiff-assured reasonably expected that the policy issued to it by the Employers' Surplus Lines Insurance Company would provide coverage against negligence claims relating to its construction of the building where the underlying policies failed to do so. It must be borne in mind that the underlying policies were in substantial amounts and that the policy which the assured sought and obtained from Surplus Lines was intended to operate as and was expressly called an "umbrella policy" by the insurer. Its very nomenclature suggested a purpose to protect against gaps in the underlying policies and indicated more than mere excess coverage. *Cf. Gerhardt v. Continental Ins. Co.,* 48 *N. J.* 291, 295–96 (1966). The policy was undoubtedly ambiguous but under settled principles the ambiguity is to be resolved against the insurer. See *Bauman v. Royal Indem. Co.,* 36 *N. J.* 12, 21 (1961); *Hunt v. Hospital Service Plan of N. J.,* 33 *N. J.* 98, 102 (1960). Despite repeated cautions from the courts, insurers still persist in using obscure terminology which laymen find unfathomable. *Cf. Allen v. Metropolitan Life Ins. Co.,* 44 *N. J.* 294, 302 (1965). While the courts are in no position to dictate the terminology they are in a

position to mold the pertinent legal doctrines with a view toward affording just measures of protection to the assured. Professor Keeton recently noted that insurance law has been moving steadily towards the principle that "the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." *Keeton, Insurance Law* 351 (1971). This principle, which finds expression in many of our recent decisions, points of course strongly towards the holding here in favor of coverage under the umbrella policy. See *Kievit v. Loyal Protect. Life Ins. Co.,* 34 *N. J.* 475, 482 (1961); *Linden Motor Freight Co. v. Travelers Ins. Co.,* 40 *N. J.* 511, 525 (1963); *Cooper v. Government Employees Ins. Co.,* 51 *N. J* 86, 93 (1968); *Klos v Mobil Oil Company, et al.,* 55 *N. J.* 117, 126 (1969); *Perrine v. Prudential Ins. Co. of America,* 56 *N. J.* 120, 127 (1970).

*For affirmance in part and reversal in part* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.