127 N.J. Super. 223 (1974)
316 A.2d 745
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ETC., PLAINTIFF,
v.
EUGENIO TORO, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 5, 1974.
*224 Mr. Allan B. Stein for plaintiff (Messrs. Soriano & Henkel, attorneys; Mr. George B. Henkel on the brief).
Mr. Irvin L. Solondz for defendant.
KIMMELMAN, J.S.C.
This is a declaratory judgment action brought by an insurance company against its insured to determine whether towing and storage charges incurred following a collision are recoverable under an uninsured motorist endorsement.
Plaintiff State Farm Mutual Automobile Insurance Company (State Farm) issued an automobile insurance policy to defendant Eugenio Toro, among the provisions of which was an endorsement entitled "Coverage U  Uninsured Motorists." *225 On October 30, 1970, while the insurance policy was in force and effect, Violeta Toro, the wife of the insured (also an insured under the policy), was driving the insured vehicle and was involved in a motor vehicle accident with an uninsured motorist. The insured's vehicle was disabled as a result of the collision and, accordingly, he arranged to have it towed from the scene and taken to Greenfield's Auto Body, Sussex Avenue, Newark. State Farm was promptly notified of the accident; its agent was advised of the towing and storage charges, and it was requested that their adjuster inspect the vehicle and honor the claim in order that defendant might arrange for repairs. For some reason the inspection was not made until February 24, 1971, and then State Farm took the position that there was contributory negligence on the part of the insured driver which barred recovery against the uninsured motorist. Thereafter the matter was submitted to arbitration and was determined in favor of the insured. The arbitrator made an award for the property damage but withheld determination on the claim for towing and storage charges pending a declaratory judgment by a court as to the extent of coverage afforded by State Farm's uninsured motorist endorsement.
The above facts are undisputed and thus the sole issue to be resolved is whether towing and storage charges are included and recoverable under an uninsured motorist endorsement. The insured seeks to hold State Farm responsible for such charges from the date of the accident to the date of inspection at a rate of $5 a day, for a total of $755.
The pertinent provisions of N.J.S.A. 17:28-1.1, which fixes the standards for uninsured motorist coverage, provide that the insurance policy:
* * * shall also include coverage for the payment of all or part of the sums which persons insured thereunder shall be legally entitled to recover as damages from owners or operators of uninsured automobiles, other than hit and run automobiles, because of injury to or destruction to the personal property of such insured with a limit in *226 the aggregate for all insureds involved in any one accident of $5,000, and subject, for each insured, to an exclusion of the first $100.00 of such damages. [Emphasis added]
The uninsured motorist endorsement written into the instant policy properly adopts the language of the statute by promising to pay "all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle * * *."
However, other sections of the policy expressly exclude the payment of towing, storage and other "salvage" charges in the event the insured makes claim for property damages under the uninsured motorist endorsement.
Faced with such exclusionary clauses the insured here argues that it is against the public policy considerations which prompted the requirement for uninsured motorist coverage to so limit the sum to which he is "legally entitled to recover" where the tortfeasor is an uninsured motorist, as opposed to a situation where the tortfeasor is an insured motorist represented by his own insurance carrier.
The question for decision, therefore, turns upon whether the insured is "legally entitled to recover" towing and storage charges because of the property damage sustained in a reasonable effort to protect the damaged property, irrespective of the cited terms of the policy which purport to exclude such coverage.
In the interpretation of insurance policies the law is settled that ambiguities are to be resolved in favor of the insured. Bryan Const. Co., Inc. v. Employers' Surplus Lines Ins. Co., 60 N.J. 375, 377 (1972); Bauman v. Royal Indem. Co., 36 N.J. 12 (1960); Hanover Ins. Group v. Cameron, 122 N.J. Super. 51 (Ch. Div. 1973). "[W]here the language of the policy is capable of two reasonable interpretations, the court will adopt that which permits recovery rather than the one which would deny coverage." *227 State Farm Mut. Auto. Ins. Co. v. Cocuzza, 91 N.J. Super. 60, 63 (Ch. Div. 1966). However, "the court will not make a new agreement for the parties, and exceptions, exclusions, and reservations in a policy which are not inconsistent with public policy will be construed in accordance with their language and the usual rules governing the construction of insurance contracts". Id. at 63; Allstate Ins. Co. v. McHugh, 124 N.J. Super. 105, 110 (Ch. Div. 1973).
State Farm's policy defines "property damage" as "injury to or destruction of" an insured vehicle owned by the named insured or his spouse. That definition must be interpreted as comprehending as well damages flowing as a proximate result of the basic property damage. The general rule usually applied in fixing such damage under principles of tort law is the difference in market value of the automobile immediately before and immediately after the injury. Hintz v. Roberts, 98 N.J.L. 768 (E. & A. 1923); Parodi v. Universal Ins. Co., 128 N.J.L. 433 (Sup. Ct. 1942). The proper measure of damages is the amount which will compensate for "all the detriment naturally and proximately caused," and where plaintiff is temporarily deprived of the use of the vehicle, this has been held to include the value of its use during the time reasonably required to repair it. Hintz v. Roberts, supra 98 N.J.L. at 770-771; Graves v. Baltimore & N.Y.R. Co., 76 N.J.L. 362, 364 (Sup. Ct. 1908). Even loss of earnings or business profits have been allowed as damages where the proofs showed such loss to be the proximate result of the damage to the motor vehicle. Nightengale v. Public Service Coord. Transport, 8 N.J. Misc. 238, 149 A. 526 (Sup. Ct. 1930).
In the instant case defendant seeks compensation for towing and storage charges as part of his consequential damages. Such charges were clearly sustained as the proximate result of the damage to his vehicle. Many policies of automobile insurance obviate the need to resort to a common-law damage formula by including a "protection of salvage" or "duty to protect" clause, under which any act of the insured *228 in recovering, saving and preserving the property, in case of loss or damage, shall be considered as done for the benefit of all concerned, and all reasonable expenses thus incurred constitute a claim under the policy. Under such a provision towing and storage charges have uniformly been held to be recoverable. See, e.g., Parodi v. Universal Ins. Co., supra; Harper v. Pelican Trucking Co., 176 So.2d 767 (La. Ct. App. 1965); Buxton v. International Indem. Co., 47 Cal. App. 583, 191 P. 84 (D. Ct. App. 1920); Southwestern Fire & Cas. Co. v. Kendrick, 281 S.W.2d 344 (Tex. Civ. App. 1955); City Coal & Supply Co. v. Amer. Auto Ins. Co., 99 Ohio App. 368, 133 N.E.2d 415 (Ct. App. 1954). The towing and storage charges herein sought would have been covered by the "duty to protect" clause contained in the general section of the State Farm policy but for the fact that the insured was involved in an accident with an uninsured motorist.
In the absence of a "duty to protect" clause applicable to the uninsured motorist endorsement the court considers the towing and storage charges to have been naturally and proximately caused by the accident under the rule of Hintz v. Roberts, supra. They are damages which the insured is "legally entitled to recover." It is highly foreseeable that the owner of a damaged vehicle will have to tow it from the scene of an accident and store it at some location to await repair. Policy exclusions notwithstanding, an insured is entitled as part of his property damage claim to reimbursement of the expenses incurred in protecting his insurer against further property loss and safeguarding the damaged vehicle by application of general principles of law. A tortfeasor, as well, would expect his victim to take reasonable measures to safeguard damaged property. Harper v. Pelican Trucking Co., supra, 176 So.2d at 773; Myers v. Amer. Indem. Co., 457 S.W.2d 468, 471 (Mo. Ct. App. 1970); 15 Blashfield, Automobile Law and Practice, § 480.13 at 45 (1969); 7 Appleman, Insurance Law and Practice, § 4327 at 110 (1971 pocket part).
*229 The legislative policy behind N.J.S.A. 17:28-1.1, providing for mandatory uninsured motorist coverage, would be defeated were State Farm allowed to create an arbitrary deletion from such coverage. Although the primary purpose of N.J.S.A. 17:28-1.1 was to relieve the Unsatisfied Claim and Judgment Fund of some of its financial burdens, Exum v. Marrow, 112 N.J. Super. 570, 574 (Law Div. 1970), the Legislature had other concerns which are highly relevant here. Statutes providing for unsatisfied judgment or uninsured motorist plans have been adopted to alleviate the economic hardship imposed upon victims of negligently operated automobiles where compensation is otherwise thwarted either by reason of lack of knowledge of the tortfeasor's identity or his financial irresponsibility. 7 Blashfield, Automobile Law & Practice, § 274.1 at 43 (1966).
The decisions are uniform throughout the country to the effect that uninsured motorist laws are designed to provide the same right to recompense to a person injured by an uninsured motorist as he would obtain if he were involved with an insured motorist. E.g., Peterson v. State Farm Mut. Auto. Ins. Co., 238 Or. 106, 393 P.2d 651 (Sup. Ct. 1964); Ullman v. Wolverine Ins. Co., 105 Ill. App.2d 408, 244 N.E.2d 827 (Ct. App. 1969), aff'd, 48 Ill.2d 1, 269 N.E.2d 295 (Ill. Sup. Ct. 1970); Southeast Title & Ins. Co. v. Austin, 202 So.2d 179 (Fla. Sup. Ct. 1967); Durant v. Motor Vehicle Acc. Indemnif. Corp., 20 A.D.2d 242, 246 N.Y.S.2d 548 (App. Div. 1964), mod. on other grounds, 15 N.Y.2d 408, 260 N.Y.S.2d 1, 207 N.E.2d 600 (Ct. App. 1965), rearg. den., 16 N.Y.2d 716, 261 N.Y.S. 2d 1028, 209 N.E.2d 565 (Ct. App. 1965).
In providing for uninsured motorist coverage the Legislature undoubtedly intended to place automobile victims in as good a position to recover damages to the extent of the coverage dollar amounts whether or not the tortfeasor was insured. If under ordinary principles of negligence a tortfeasor is legally responsible to pay towing and storage charges as part of the proximate damages of a claimant, *230 a fortiori an uninsured motorist tortfeasor would bear the same legal responsibility to an injured claimant. Conversely, any injured party is legally entitled to recover that which a tortfeasor is legally responsible to pay. The existence or nonexistence of insurance coverage applicable to the tortfeasor does not and cannot alter his legal responsibility.
By requiring endorsements to afford coverage for sums which an injured person shall "be legally entitled to recover" as damages, the Legislature evinced no purpose to limit the legal responsibility of any category of motorist tortfeasor but rather clearly mandated equal protection for the injured claimant regardless of whether he makes his claim against an insured or uninsured motorist.
Consequently, to deny to the victim of an uninsured motorist the coverage which he would otherwise be afforded under the "duty to protect" provision of the policy or under ordinary principles of negligence law would contravene the public policy embodied in N.J.S.A. 17:28-1.1. To the extent that the uninsured motorist endorsement in the State Farm policy attempts to narrow the required statutory protection, the same will be held invalid.
For the foregoing reasons the coverage afforded to defendant under the uninsured motorist endorsement will be construed to include towing and storage charges, and any provision of the policy purporting to exclude such coverage will be denied effect. This result coincides with the reasonable expectations of the insured. Harr v. Allstate Ins. Co., 54 N.J. 287, 303 (1969); Bryan Const. Co., Inc. v. Employers Surplus Lines Ins. Co., supra, 60 N.J. at 378. Defendant exercised reasonable care to minimize the extent of the damage to the vehicle pending its inspection, for the mutual benefit of himself and State Farm. It would be incongruous to defeat his reasonable expectations merely because the driver of the other car happened to be uninsured.
Counsel are directed to submit an appropriate order for declaratory judgment construing the State Farm policy in accordance with this decision.