136 N.J. Super. 591 (1975)
347 A.2d 380
JAMES J. SWEENEY, PLAINTIFF,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 21, 1975.
*592 Mr. Richard W. Engelbart for plaintiff (Jerome L. Yesko, attorney).
Mr. Victor C. Harwood, III, for defendant (Messrs. Gilady and Harwood, attorneys).
SMITH, J.C.C., Temporarily Assigned.
The issue in this case is whether a provision in an automobile insurance policy which reduces uninsured motorist coverage by amounts paid for workmen's compensation is valid and enforceable.
On March 20, 1970 plaintiff James J. Sweeney was injured in an automobile accident caused by the negligence of an unknown truck driver. He was, at the time of the accident, a state trooper on patrol duty. A workmen's compensation claim was filed and he recovered $7834.17.
Defendant Hartford Accident & Indemnity Company insured the State of New Jersey under a policy which provided a standard form, uninsured motorist endorsement, with stated policy limits of $10,000 for each person. A demand by plaintiff for the policy limits was rejected by Hartford which seeks to reduce its liability by $7834.17 based on the limitation contained in paragraph (b) (2) of Part III of the policy:
Any amount payable under the terms of this insurance because of bodily injury sustained in an accident by a person who is insured under the coverage shall be reduced by * * * the amount paid and the present value of all amounts payable on account of such bodily injury under any workmens compensation law, disability benefits law or any similar law.
Defendant seeks summary judgment in its favor limiting the plaintiff's recovery to $2165.83, which represents the balance of the uninsured motorist coverage of $10,000 after deduction of plaintiff's compensation award of $7834.17. Plaintiff seeks summary judgment declaring the policy provision void.
*593 Although this matter poses a case of first impression in New Jersey, the issue has been widely litigated in other states. There is a sharp split among jurisdictions having uninsured motorist statutes similar to N.J.S.A. 17:28-1.1 as to the validity of workmen's compensation provisions.
The proposition that an insurer may, by means of an appropriate contract provision, reduce its liability under an uninsured motorist endorsement by the amount that the insured is recompensed for his injuries by workmen's compensation has been supported by a number of jurisdictions.[1] The reasoning of the courts adhering to this minority view is that if the insurer was not permitted to reduce his liability by amounts paid by workmen's compensation, it would result in windfall benefits for the insured, and this was not the legislative intent in enacting the statute. The rationale is that if the tortfeasor had been insured, the employee would reimburse his employer in full from the recovery he received from the tortfeasor. If the tortfeasor is an uninsured motorist, the benefits paid by the employer should be deducted from the recovery. In neither case does the employee retain both the compensation from the employer and identical damages from the tortfeasor. In this way, the deduction provision prevents the employee from being in a more favorable position by virtue of the fact that the tortfeasor was uninsured than he would have been if the tortfeasor was insured. Rather, it provides one entitled to recover under an uninsured motorist *594 liability policy with the same coverage as if an insured has been injured by an operator with a policy containing minimum statutory limits.
The majority,[2] and we believe the more persuasive point of view, maintains that any provision in uninsured motorist coverage which allows for a reduction by the insurer of amounts paid to the insured pursuant to a workmen's compensation claim is against public policy and therefore void and unenforceable.
The legislative intent in enacting N.J.S.A. 17:28-1.1 was to place automobile victims in as good a position to recover *595 damages to the extent of coverage dollar amounts, whether the tortfeasor was insured or not. State Farm Auto Ins. Co. v. Toro, 127 N.J. Super. 223 (Law Div. 1974).
If the tortfeasor had been insured, the employee's recovery would not have been reduced by the amount of any workmen's compensation benefits he had received. Dubil v. Labate, 52 N.J. 255 (1968). Accordingly, any provision in an uninsured motorist policy which reduces the amount payable to the insured because of receipt of workmen's compensation benefits affords the insured a lesser amount of damages than he would have been entitled to receive had the uninsured motorist been properly covered. Any such provision abrogates the intent of the statute and is invalid.
This policy expressly provides in Part I, paragraph C, that the proceeds shall not inure directly or indirectly to any workmen's compensation or disability benefits carrier, thus attempting to prevent a claim for subrogation. In addition, no right of subrogation has been asserted by the compensation carrier.
We realize that plaintiff will be entitled to recover both the proceeds of the uninsured motorist policy and the benefits from workmen's compensation without any setoff. However it is not the intent of the statute to prefer the liability carrier to the policyholder if there is to be a windfall to one or the other.
The U.S. Court of Appeals for the Eighth Circuit held, in Booth v. Seaboard Fire & Marine Ins. Co., 431 F.2d 212, 220 (1970), that the question of subrogation was one affecting only the injured party and his employer's compensation carrier, and not the injured party's liability carrier.
We agree that it is no concern of the liability carrier as to how the proceeds of the uninsured motorist policy are disposed of. In order to effectuate the intent of the statute, the injured party should be able to realize the proceeds of his uninsured motorist policy free from any reductions which would not be available in a suit against an insured tortfeasor.
NOTES
[1] CAL.  Waggaman v. Northwestern Security Ins. Co., 16 Cal.
 App.3d 571, 94 Cal. Rptr. 170 (D. Ct. App. 1974).
 ILL.  Allman v. Wolverine Ins. Co., 48 Ill.2d 1, 269 N.E.2d
 295 (Sup. Ct. 1970).
 MICH.  Mich. Mutual Liability Co. v. Mesner, 2 Mich. App. 350,
 139 N.W.2d 913 (Sup. Ct. 1966).
 N.Y.  Durant v. Motor Vehicle Acc. Indem. Corp., 15 N.Y.2d
 408, 260 N.Y.S.2d 1, 207 N.E.2d 600 (Ct. App.
 1965).
 N.H.  Hackman v. American Mut. Liab. Ins. Co., 110 N.H.
 87, 261 A.2d 433 (Sup. Ct. 1970).

[2] ALA.  State Farm Auto Ins. Co. v. Cahoon, 287 Ala. 462, 252
 So.2d 619 (Sup. Ct. 1971).
 ARIZ.  Allied Mutual Ins. Co. v. Larriva, 19 Ariz. App. 385,
 507 P.2d 997 (App. Ct. 1973).
 ARK.  Travelers Ins. Co. v. National Farmers Union Prop. &
 Cas. Co., 252 Ark. 624, 480 S.W.2d 585 (Sup. Ct.
 1972).
 COLO.  Nationwide Mutual Ins Co. v. Hillyer, 32 Colo. App.
 163, 509 P.2d 810 (App. Ct. 1973).
 FLA.  Standard Accident Ins. Co. v. Gavin, 184 So.2d 229
 (Fla. Ct. App. 1966).
 LA.  Williams v. Buckelew, 246 So.2d 58 (La. Ct. App.
 1971).
 MINN.  Brunmeier v. Farmers Ins. Exchange, 296 Minn. 328,
 208 N.W.2d 860 (Sup. Ct. 1973).
 MO.  Steinhaeufel v. Reliance Ins. Co., 495 S.W.2d 463, (Mo.
 Ct. App. 1973).
 MONT.  Sullivan v. Doe, 159 Mont. 50, 495 P.2d 193 (Sup. Ct.
 1972).
 NEB.  Booth v. Seaboard Fire & Marine Ins. Co., 431 F.2d 212
 (8 Cir. 1970).
 OHIO  Bartlett v. Nationwide Mutual Ins. Co., 33 Ohio St.2d
 50, 294 N.E.2d 665 (Sup. Ct. 1973).
 OREGON  Peterson v. State Farm Auto Ins. Co., 238 Or. 106, 393
 P.2d 651 (Sup. Ct. 1964).
 R.I.  Aldcroft v. Fidelity & Casualty Co., 106 R.I. 311, 259
 A.2d 408 (Sup. Ct. 1969).
 S.C.  Ferguson v. State Farm Auto Ins. Co., 261 S.C. 96, 198
 S.E.2d 522 (Sup. Ct. 1973).
 TEX.  Hamaker v. American States Auto Ins. Co., 493 S.W.2d
 893 (Tex. Civ. App. 1972).