ALBERT ENGLEHARDT *v.* NEW HAMPSHIRE INSURANCE GROUP ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. CV 79 0171421S
NEW HAVEN

Memorandum filed April 28, 1980

*Winnick, Resnik, Skolnick & Auerbach,* for the plaintiff.

*Gillooly, McGrail & Carroll,* for the named defendant.

*Celantano & Gildea,* for the defendant Commercial Union Assurance Companies.

SATTER, J. This case presents for the first time in Connecticut two issues: (1) May a workmen's compensation award be deducted from the amount payable under the uninsured motorist provision of an automobile insurance policy? (2) If so, when there are two insurance policies which provide uninsured motorist coverage, how shall the workmen's compensation award be credited between the two policies?

The facts are as follows: The plaintiff, while operating an automobile owned by his employer, Sears Industries, Inc., was struck by an uninsured motorist on May 16, 1977. Because the accident occurred in the course of his employment, the plaintiff received a workmen's compensation award of $16,584.45. The Sears vehicle was insured by the defendant Commercial Union Assurance Companies[1] (hereinafter Commercial Union) under a policy providing for uninsured motorist coverage of $20,000. The plaintiff was also insured under

---

[1] Commercial Union also provided the workmen's compensation insurance coverage for Sears, but this court considers that coincidence as irrelevant.

his own automobile policy issued by the named defendant, New Hampshire Insurance Group (hereinafter New Hampshire), which also contained uninsured motorist coverage of $20,000. The plaintiff applied for arbitration under the uninsured motorist provisions of both policies to determine fair and reasonable compensation for his injuries. The plaintiff and both defendant insurance companies participated in that arbitration proceeding, and pursuant to it the plaintiff was awarded the sum of $35,000.

Both defendant insurance companies acknowledge the applicability of the doctrine of "stacking," which means that the plaintiff is entitled to the aggregate of the coverage provided by both uninsured motorist policies to the extent of the arbitration award. The Connecticut Supreme Court in *Safeco Ins. Co.* v. *Vetre*, 174 Conn. 329, and in *Pecker* v. *Aetna Casualty & Surety Co.*, 171 Conn. 443, specifically upheld that principle of recovery.

Both insurance policies provided that the amount payable under the uninsured motorist coverage "shall be reduced by . . . the amount paid . . . on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law." The first question is whether such a provision is valid and enforceable.

The New Jersey Superior Court in *Sweeney* v. *Hartford Accident & Indemnity Co.*, 136 N.J. Super. 591, surveyed the litigation on this issue and concluded (p. 594): "The majority, and we believe the more persuasive point of view, maintains that any provision in uninsured motorist coverage which allows for a reduction by the insurer of amounts paid to the insured pursuant to a workmen's compensation claim is against public policy and there-

fore void and unenforceable." [2] The public policy alluded to is that if the tortfeasor had been insured, the plaintiff-employee's recovery would not have been reduced by a workmen's compensation award and his recovery should not be reduced simply because the tortfeasor is uninsured. Id., 595.

Regardless of how persuasive the public policy stated by the New Jersey court may be, this court cannot premise a decision on public policy in defiance of state statutes or valid administrative regulations. In Connecticut, the insurance commissioner has issued regulations which specifically provide that "the policy may provide for the reduction of limits [of uninsured motorist coverage] to the extent that damages have been . . . paid or are payable under any workmen's compensation or disability benefits law . . . ." Regs., Conn. State Agencies § 38-175a-6(d).

That regulation, if valid, has "the force of statutes." *Fidelity & Casualty Co.* v. *Darrow,* 161 Conn. 169, 179. The regulation derives from specific statutory authority. General Statutes § 38-175a provides: "The insurance commissioner within the department of business regulation shall adopt regulations with respect to minimum provisions to be included in automobile liability insurance policies issued after the effective date of such regulations . . . . Such regulations shall relate to the insuring agreements, exclusions, conditions and other terms applicable to . . . uninsured motorists coverages under such policies . . . ." Section 38-175c provides: "Every such policy shall provide insurance in accordance with such regulations . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or

[2] The cases from the jurisdictions supporting that position are cited in *Sweeney* v. *Hartford Accident & Indemnity Co.,* 136 N.J. Super. 591, 594.

operators of uninsured motor vehicles . . . ." Section 38-175d provides: "Policies affording . . . uninsured motorist coverages . . . shall be deemed to provide insurance under such coverages in accordance with such regulations."

The Supreme Court in *Roy* v. *Centennial Ins. Co.,* 171 Conn. 463, specifically dealt with the validity of regulation § 38-175a-6(d). That court noted (p. 472): "The overall effect of §§ 38-175a through 38-175e [of the General Statutes] . . . is to vest the insurance commissioner with very broad discretion in the formulation of regulations concerning the minimum provisions to be included in automobile liability insurance policies." The court, after stating the fundamental principle that "any regulation which exceeds the authority granted to the insurance commissioner is void," concluded (p. 473): "In view of the very broad grant of regulatory authority to the insurance commissioner, we are not persuaded that the commissioner was without authority to adopt regulation § 38-175a-6(d)."

Similarly, the Supreme Court implicitly upheld the validity of these regulations in *Pecker* v. *Aetna Casualty & Surety Co.,* 171 Conn. 443, and in *Safeco Ins. Co.* v. *Vetre,* 174 Conn. 329, where the court held invalid the "other insurance" clause in the liability policy there at issue because that clause was not authorized by the aforementioned regulations.

Thus, this court concludes that the insurance policy provision providing for the deductibility of workmen's compensation awards from uninsured motorist coverage is valid and enforceable in Connecticut.

The question then remaining is which of the defendant uninsured motorist carriers should receive credit for the workmen's compensation award.

Both insurance companies acknowledge that Commercial Union is the primary insurer, has the primary liability and is liable for the first $20,000 to be paid. New Hampshire, as the secondary insurer, is liable for the excess over Commercial Union's first $20,000 up to New Hampshire's policy limit. It follows from Commercial Union having primary liability that it also has first access to the workmen's compensation set-off. If the workmen's compensation award in this case had been in excess of $20,000, then New Hampshire would have been entitled to a set-off against its coverage for the amount of the excess. Likewise, if the arbitration award in favor of the plaintiff had been less than $20,000, New Hampshire would have had no liability.

In *Pecker* v. *Aetna Casualty & Surety Co.*, 171 Conn. 443, the Supreme Court clearly held that the secondary insurer of uninsured motorist coverage was liable only for the amount the plaintiff was entitled to over the maximum coverage of the primary insurer. In that case, the court held that even though the primary insurer had not paid the full amount of its coverage because it had settled for less than that full amount, the obligation of the secondary insurer started with the maximum limits of the primary insurer's coverage. *Pecker* implies that it does not matter whether the primary insurer meets its coverage limits by direct payment to the insured or as the consequence of a deduction of the workmen's compensation award. There is no inequity to the secondary carrier, since its liability to the insured for the arbitration award is only for the excess over the coverage of the primary insurer and only to the extent of its own coverage.

As a consequence, this court concludes that the plaintiff is entitled to a judgment against Commercial Union for $3415.55, the difference between the

workmen's compensation award of $16,584.45 and Commercial Union's $20,000 coverage, and to a judgment against New Hampshire for $15,000, the balance of the $35,000 arbitration award.