[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Roy A. Rydingsword has requested the court to vacate and modify an arbitration panel's award of underinsured motorists' benefits. The plaintiff's claim was submitted to arbitration under the terms of an automobile liability insurance policy which was issued by defendant Liberty Mutual Insurance Company. The policy provides that the defendant's "limit of liability shall be reduced by all sums . . . paid or payable because of bodily injury under . . . the . . . workers' compensation law. . . ." Two of the three arbitrators ruled that plaintiff's damages should be reduced by an amount which the majority concluded will be awarded by the workers' compensation commissioner. Rydingsword contends the reduction should be vacated. Liberty Mutual has moved to confirm the award.
The Supreme Court has recently set forth the standards by which this court is to review arbitration proceedings which are made compulsory by General Statutes 38a-336. When this court undertakes review pursuant to General Statutes 52-418, this CT Page 8758 court must conduct a de novo review of the arbitrator's interpretation and application of the law. American Universal Ins. Co. v. Del Greco, 205 Conn. 178, 191 (1987). When this court reviews the arbitrator's factual findings, the court should apply the "substantial evidence" test. Chmielewski v. Aetna Casualty and Surety Co., 218 Conn. 646, 656 (1991).
The relevant facts are as follows: The plaintiff was injured in an automobile accident while acting within the scope of his employment. The arbitrators concluded plaintiff suffered damage of $98,050.13. They allowed Liberty Mutual a credit of $20,000.00, representing exhaustion of the third-party tort feasor's policy. They allowed Liberty Mutual a credit of $7,004.51, representing a scarring award which was made in the worker's compensation forum. The majority of the arbitrators also concluded that Liberty Mutual should receive a credit of $60,603.22, representing the value of a specific award which the majority concluded will be made in the workers' compensation forum. This last credit was made under the policy provision which was quoted in the first paragraph of this memorandum.
Policy provisions which give an insured or underinsured motorist carrier a credit for workers' compensation awards should not be too broadly construed. In the majority of jurisdictions, such provisions are void as being against public policy. See Englehardt v. New Hampshire Ins. Group, 36 Conn. Sup. 256,258 (1980). The exclusion clause at issue in the case is based on a regulation of the insurance commissioner and complies with public policy. Id. at 259. The majority of the arbitrators construed the clause as providing an exclusion for any benefits which a claimant might obtain in the future under the workers' compensation law. This construction was too broad. The use of the words "sums" and "payable" in the exclusion clause connote the existence of specific obligations payable now or in the future.
A review of the record provided this court by the parties reveals a lack of a factual basis for the majority's finding that $60,603.22 is payable under the workers' compensation law. The arbitrators found that the plaintiff suffered an injury to his lower back which resulted in a twenty percent permanent partial disability of the lumbar spine. The majority of the arbitrators further found that the injuries sustained by the plaintiff were compensable under the terms of a workers' compensation policy. They found that the plaintiff has not pursued a claim in the workers' compensation forum for a specific award for a twenty percent disability of the lower back. After making these findings, they computed the present value of an award for a twenty percent disability of the lower back to be $60,603.22. CT Page 8759
The plaintiff has not requested the workers' compensation commissioner to make an award for the plaintiff's loss of use of his back. Should the plaintiff do so, the commissioner will be required to exercise independent discretion and take evidence. Compensation for the back injury will not be payable under the workers' compensation law until the commissioner finds a disability, determines the proportion of disability, and makes an award under General Statutes 31-308 (b)(13). Until the commissioner acts, an obligation to pay a sum for an injury cannot arise. A finding as to the commissioner's possible decision can only be based on speculation.
The award is modified and corrected, see General Statutes52-419 (b), by vacating the credit of $60,603.22. Judgment shall enter for the plaintiff in the amount of $71,005.62.
THIM, JUDGE