ISSUE
Whether the court should vacate the arbitration award because the arbitrators erred, as a matter of law, in failing to reduce the amount of coverage available to the defendant.
FACTS
The following facts are alleged in the Application to Vacate the Arbitration Award, #101, and the documents and memorandum appended thereto. The plaintiff, State Farm Mutual Automobile Ins. Co., is an insurance company authorized to do business in the State of Connecticut. On September 30, 1985, the plaintiff had in effect two policies of insurance each covering one of two vehicles owned by the defendant Joseph A. Varilla and Joan Varilla. Each of these policies had uninsured motorist limits of $250,000.00 per person/$500,000.00 per accident. Both policies provide for arbitration in the case of an uninsured motorist claim.
On September 30, 1985, the defendant was operating his motor vehicle when he was involved in a collision with a motor vehicle owned and operated by George Bria. Bria's vehicle was insured under an automobile insurance policy which provided coverage in the amount of $50,000.00. As a result of the motor vehicle accident, the defendant asserted uninsured motorist claims against both policies. Arbitration of the defendant's claims was conducted on January 9, 1991, May 30, 1991 and September 20, 1991. At the hearing before the arbitrators, the parties agreed that the amount of available uninsured motorist coverage under the plaintiff's policies was $450,000.00. (Transcript of Arbitration, September 20, 1991, p. 362.)
On September 25, 1991, the plaintiff requested that the panel reopen the hearing to determine whether, based on Convenant Ins. Co. v. Coon, 220 Conn. 30, 594 A.2d 977 (1991), the amount CT Page 5423 available for demand was actually $400,000.00 rather than $450,000.00. Subsequently, the plaintiff received a notice, dated September 20, 1991, that the arbitrators awarded the claimant $423,187.53. The request to reopen the hearing was denied on October 2, 1991. The arbitrators stated in their denial that the amount of coverage was beyond the scope of the arbitration because it was stipulated by the parties and because the Covenant case does not support the plaintiff's argument.
The plaintiff now moves that the arbitration award be vacated. The plaintiff alleges that the arbitrators exceeded their powers and/or imperfectly executed them in not reducing the amount of coverage.
The defendant asks that the uncontested portion of the award, in the amount of $373,187.53, be confirmed. The plaintiff concedes that the defendant is entitled to this amount. (Plaintiff's memorandum, #104, p. 4.)
DISCUSSION
 General Statutes 38-175c [now General Statutes (Rev. to 1991) 38a-336] provides in pertinent part: "UNINSURED MOTORIST COVERAGE. (a)(I) Every such policy shall provide insurance, herein called uninsured motorist coverage . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles and insured motor vehicles. . . . Every such policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding."
Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 684
n. 1, 590 A.2d 957 (1991).
General Statutes 52-418 provides in pertinent part:
"VACATING AWARD.
 (a) Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made."
Id., 684 n. 2. CT Page 5424
The court is required to undertake a de novo review of legal questions raised on a motion to vacate an award rendered pursuant to compulsory arbitration under General Statutes 38-175c. Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 651,652, 591 A.2d 101 (1991). The appropriate standard of review of the arbitrators' findings of fact is the substantial evidence test. ld., 656. "`Substantial evidence' will be found to exist if the administrative record supplies a substantial basis of fact from which the court can infer the fact in issue." Id., 661 n. 15, quoting Connecticut Light Power Co. v. DPUC, 216 Conn. 627, 639-40,583 A.2d 906, (1990).
General Statutes 52-417 provides in pertinent part:
"APPLICATION FOR ORDER CONFIRMING AWARD.
 At any time within one year after an award has been rendered and the parties to the arbitration have been notified thereof, any party to the arbitration may make application to the superior court . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."
Middlesex Mutual Assurance Co. v. Walsh, supra, 684 n. 3.
In the present case, the plaintiff and the defendant agreed that the amount of available uninsured motorist coverage was $450,000.00. (Transcript of Arbitration, September 20, 1991, p. 362.) Because, the amount of available uninsured motorist coverage is a mixed question of law and fact, this stipulation "is controlling on the parties and the court is bound to enforce it." Highgate Condominium Assn. v. Watertown Fire District, 210 Conn. 6,19 n. 6, (1989). The plaintiff concedes that "[s]ince there was an agreement as to the amount of available coverage, the only issues left to be decided concerned liability and damages." (See Plaintiffs Memorandum, #104, p. 2.) The record supplies a basis of fact from which the court can infer the amount of available uninsured motorist coverage.[1]
Even if the amount of available uninsured motorist coverage were a question of law, the Covenant case does not support the plaintiff's argument. The plaintiffs argue that in determining the amount of available coverage, the arbitrators were required to compare "the aggregate of liability limits available to the victim against the uninsured motorist limits in each single policy against which the victim has a claim." Covenant Ins. Co. v. Coon, supra, 36. Thus, in the present case, the plaintiff argues, the $50,000.00 liability limit must be subtracted from the $250,000.00 uninsured motorist limit of each of the plaintiffs policies in determining the CT Page 5425 amount of the award, resulting in available coverage of $400,000.00.
The plaintiff has ignored the bifurcated analysis which General Statutes 38a-336 provides. The court in Covenant held that
 Application of [General Statutes] 38a-336 involves two separate inquires. First, it must be determined whether the tortfeasor's vehicle is an "uninsured vehicle" within the meaning of the statute. Second, after this determination is made and underinsured motorist coverage is found to be applicable, the finder of fact calculates the amount of the award to be paid the victim.
Covenant Ins. Co. v. Coon, supra, 33.
 [I]n making the initial determination of whether a vehicle is underinsured, 38a-336 clearly states that the aggregate of the liability limits under all of the tortfeasor's policies are to be compared with the uninsured motorist coverage limit of the policy against which a claim is made. . . Consequently, the analysis directed by 38a-336 requires a comparison between the aggregate of liability limits available to the victim against the underinsured motorist limits available in each single policy against which the victim has a claim. If the total of the liability insurance is less than the uninsured motorist limits of the individual's policy, then the uninsured motorist coverage becomes applicable.
Id., 35-36.
 In the context of the final award to be paid the victim, we have said that "[w]hile General Statutes [38a-336] . . . does not specifically address the issue of "stacking" coverage . . . a fair reading of the statute discloses no prohibition against such aggregation." Cohn v. Aetna Ins. Co., 213 Conn. 525, 529, 569 A.2d 541 (1990).
Id., 35.
 Thus, in the present case, the initial determination of whether uninsured motorist coverage is triggered is the comparison of the $250,000.00 uninsured motorist limit of each of the two policies under which the defendant is seeking underinsured motorist benefits with the $50,000.00 limit of the tortfeasor's insurance policy. Coverage is triggered under both policies. Under the second step of the analysis, the two $250,000.00 uninsured motorist limits under the plaintiff's policies are first stacked and the $50,000.00 available under the tortfeasor's policy is then subtracted leaving $450,000.00 of available coverage. Accordingly, CT Page 5426 the amount of coverage which the parties stipulated to was correct under the court's holding in Covenant Ins. Co. v. Coon, supra, and not prohibited by General Statutes 38a-336.
CONCLUSION
The court denies the application to vacate the arbitration award and grants the motion to confirm the arbitration award in part because the amount of coverage was stipulated by the parties before the arbitrators and because this amount was correct in view of the holding of the court in Covenant Ins. Co. v. Coon,220 Conn. 30, 594 A.2d 977 (1991) and not prohibited by General Statutes 38a-336.