[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9615
This proceeding concerns plaintiff's application to confirm arbitration award in part and to vacate award in part. The parties to this action stipulated to the following facts: The defendant, Ann Marie Giola-Gura, was involved in an automobile accident on July 29, 1988. Anita Larson was entirely liable for the accident. The defendant and others have exhausted the limits of Larson's liability policy. Underinsured motorist coverage in the amount of $870,000 is available to the defendant from the plaintiff, Prudential Insurance Company. The plaintiff is entitled to credits and offsets for collateral source payments and credit for no-fault benefits paid in the amount of $16,396.26.
A panel of three arbitrators issued an arbitration award on March 27, 1992. The arbitrators found that the defendant sustained damages in the amount of $235,000 and that the plaintiff was entitled to credits and offsets of $16,396.26. Accordingly, the arbitrators ordered the plaintiff to pay the defendant $218,603.74.
On April 27, 1992 the plaintiff filed a timely application to confirm arbitration award in part and to vacate award in part pursuant to General Statutes 52-417 and 52-418. Plaintiff moves to confirm the portion of the award which finds that the defendant sustained damages of $235,000 and the part of the award which finds that the plaintiff is entitled to credits and offsets for collateral source payments and no-fault benefits paid in the amount of $16,396.26, on the ground that no legal basis exists for vacating these parts of the award. The plaintiff moves to vacate the portion of the award which orders the plaintiff to pay the defendant $218,603.74, on the ground that the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award was not made in that the arbitrators' award fails to take into consideration the credit due the plaintiff for payments made to the defendant from the tortfeasor.
The defendant filed an objection to the application to vacate arbitration award, and a supporting memorandum of law. The plaintiff filed a memorandum of law in support of its application to confirm award in part and vacate award in part.
The court agrees with the plaintiff as to the portions CT Page 9616 of the award which should properly be confirmed, because General Statutes 52-417 requires the court to confirm an award, unless the award is vacated, modified or corrected. Because these portions of the award have not been vacated, modified or corrected, and because neither party seeks to have them vacated, modified or corrected, they must be confirmed.
The plaintiff further claims that the court should vacate the portion of the award which orders the plaintiff to pay the defendant $218,603.74, because the arbitrators did not take into account a $12,000 credit to which the plaintiff is entitled for payments made to the defendant by the tortfeasor.
The defendant asserts that the court may only examine the submission and award to determine whether the award conforms to the submission. The defendant argues that the award conforms to the submission, because the parties' stipulation that $870,000 in underinsured motorist coverage is available to the defendant was arrived at by deducting an $80,000 tortfeasor's offset from $950,000 in available underinsured motorist coverage. Hence, defendant argues, the arbitrators' award is in keeping with the submission, because the arbitrators did not deduct the $12,000 offset, which was already offset from the stipulated amount of available coverage.
"Each automobile liability insurance policy . . . which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." General Statutes 38a-336(c). The Connecticut Supreme Court has construed this statute to make "arbitration of insurance coverage issues compulsory." (Emphasis in original.) Bodner v. United Services Automobile Association, 222 Conn. 480, 488, ___ A.2d ___ (1992). "[W]here judicial review of compulsory arbitration proceedings required by [General Statutes 38a-336(c)] is undertaken under General Statutes 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." Id., 486.
"Each automobile liability insurance policy shall provide insurance, herein called uninsured motorist coverage, in accordance with the regulations adopted pursuant to section38a-334 . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of . . . underinsured motor vehicles . . . because of bodily CT Page 9617 injury . . . ." General Statutes 38a-336(a)(1). "The limit of the insurer's liability may not be less than the applicable limits for bodily injury liability specified in subsection (a) of section 14-112
of the general statutes, except that the policy may provide for the reduction of limits to the extent that damages have been . . . paid by or on behalf of any person responsible for the injury . . . ." Connecticut Regulations 38-175a-6(d)(1).
In determining whether or not the arbitrators have exceeded their powers to the extent that the award must be vacated, the court must examine the submission and award in order to determine whether the award conforms to the submission. City of Waterbury v. Waterbury Police Union Local 1237, Conn. (1979). In this case, the attorneys for the parties signed, on March 10, 1992, a stipulation specifying the exact setoffs which were to be deducted from the final arbitration award. The total, which did not include mention of a tortfeasor setoff, was $16,396.26.
At the conclusion of the testimony presented at the March 4, 1992 arbitration hearing, the arbitrators inquired of the attorneys whether or not there was a setoff for the tortfeasor payment. The net effect of the colloquy which followed was that there was $870,000 coverage available, that the tortfeasor payment had come "off the top", and that it was not an issue. Consistent with this discussion, the arbitrators subsequently refused to correct the award based on a similar argument. The parties are bound by the decision to which they submitted even if it may be regarded as unwise or wrong on the merits. American Universal Ins. Co. v. DelGreco, 205 Conn. 178,187 (1987). See State Farm Mutual Automobile Insurance Company v. Joseph Varilla, 7 CSCR 875 (Aug. 3, 1992).
For the foregoing reasons, the plaintiff's application is granted insofar as it seeks to confirm the award in question and denied insofar as it seeks to vacate the arbitration award. The March 27, 1992 arbitration award being correct in accordance with the submission of the parties, is, accordingly, confirmed.
Schaller, J.