[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT AETNA CASUALTY AND SURETY COMPANY'S MOTION FOR SUMMARY JUDGMENT #137 AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT #139
I. FACTS:
On March 18, 1993, plaintiffs William and Dina Loika filed a complaint against defendants Aetna Casualty and Surety Company and Allstate Insurance Company. The plaintiffs brought suit in theft capacity as administrators of the Estate of Cheyenne Loika, in order to recover money allegedly owed to the Estate under insurance policies with the defendant insurance companies. The plaintiffs' decedent was killed in an April 16, 1990, truck accident, resulting from the negligence of the driver of the truck, Joel Cote. The plaintiffs have recovered $100,000 under Joel Cote's parents' bodily injury policy with Allstate, as well as a $20,000 settlement with the truck owner's bodily injury liability insurer, for a total recovery of $120,000. In the present case, the plaintiffs are seeking additional benefits allegedly due under the CT Page 720 underinsured motorist ("UM") provisions of their own auto policy with defendant Aetna, as well as UM benefits under the Cote's auto policy with Allstate, both of which provide $200,000 in additional stacked coverage.
On November 17, 1993, defendant Aetna filed a motion for summary judgment, asserting that there is no question of material fact that the tortfeasor was liable for the decedent's injuries; that the plaintiffs have collected $120,000 from the tortfeasor; that defendant Aetna's policy $200,000 in stacked UM coverage, which is subject to a $120,000 offset for sums paid on behalf of the responsible party; "and that, therefore, there is $80,000.00 in UM benefits remaining under Aetna's policy." Motion for Summary Judgment of Defendant Aetna (#137). Aetna therefore moves that summary judgment be entered in the plaintiff's favor in the amount of $80,000.
On December 15, 1993, plaintiffs filed a cross-motion for summary judgment, requesting summary judgment in their favor for the full $200,000 under Aetna's policy. The plaintiffs assert that under the "other insurance" clauses of the two policies at issue, Allstate provides primary coverage and Aetna provides excess coverage. The plaintiffs argue that under the controlling case law, Allstate is entitled to the full $120,000 credit. The plaintiffs therefore move for summary judgment in their favor for the full $200,000 available under Aetna's policy. In the alternative, plaintiffs request that partial summary judgment be entered for the $80,000 which is not in dispute.
II. DISCUSSION:
Although this court finds the case law cited by the plaintiffs persuasive on the credit issue, the current factual situation prevents the entry of summary judgment on either motion as requested. The decided case law requires that any credit be applied first to the primary policy. Aetna Casualty Surety Co. v. CNA Insurance Co., 221 Conn. 779, 788, 606 A.2d 990 (1992); Englehardt v. New Hampshire Insurance Group, 36 Conn. Sup. 256, 417 A.2d 366 (1980); see also State Farm Mutual Insurance Company v. Varilla,7 CSCR 875 (August 3, 1992) (BI liability payment subtracted only once from award paid under two UM policies.) However, in an earlier motion for summary judgment filed by defendant Allstate, the court, Higgins, J., stated that a genuine issue of material fact remained as to whether the plaintiff's decedent was an insured under the Allstate policy. Memorandum of Decision on Motion for Summary CT Page 721 Judgment, June 29, 1993, Pleading #127, p. 9. The court declined to decide whether the plaintiff's decedent was, in fact, covered by the bodily injury liability, asserting that the plaintiffs must show that the truck involved in the accident was a vehicle to which the provisions of the Allstate bodily injury liability coverage applied. Id. A genuine issue of material fact therefore exists as to the applicability of Allstate's alleged primary insurance policy, a fact necessary to determine the present motions. Accordingly, neither of the present motions for summary judgment can be granted in theft entirety.
The plaintiffs request in the alternative that partial summary judgment be entered for the amount of their claim which is not in dispute. Although this court could find no Connecticut cases squarely addressing this issue, it appears that the present case is exactly the type of situation Practice Book 386 was meant to address.[1] Practice Book 386 "provides for judgment on part of a claim in two situations: (1) where part of a claim is admitted; or (2) [where] a defense applies to only part of a claim (allowing judgment for the portion of the claim that the defense does not apply to)."[2] (Emphasis in original.) Schofield v. Bic Corporation,3 Conn. L. Rptr. 229 (1991, Fuller, J.). The court can find no dispute as to Aetna's liability for at least $80,000 under their policy, and their request for judgment in the plaintiff's favor for this amount serves as an admission that this amount is owed. This fact was not contradicted at oral argument. Moreover, the argument advanced by Aetna in its motion for summary judgment concerns only the disputed applicability of the $120,000 credit. Since this defense applies only to part of the plaintiffs' $200,000 claim against Aetna, the court can find no reason not to grant partial summary judgment in the amount of $80,000 for the plaintiffs.
III. CONCLUSION:
Under Practice Book 386 if a defense only applies to part of the plaintiff's claim, or if any part is admitted, the moving party may have final judgment for so much of his claim as is admitted, on such terms as may be just, and the action may be severed and proceeded with as respects the remainder of the claim. For the reasons herein stated, the court denies Aetna's motion for summary judgment (#137), and grants the plaintiffs' motion for partial summary judgment (#139) for the $80,000 due and owing to the plaintiffs under defendant Aetna's policy. The court will sever and proceed with the remainder of the plaintiffs' claim against Aetna when the facts necessary to make CT Page 722 a proper determination are established.
It is so ordered.
ARENA, J.