******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DiPentima, C. J, and Lavine and Harper, Js

*Syllabus*

The plaintiff towing company sought to recover damages from the defendant insurance company, A Co., and its insured, the defendant K, arising out of towing services that the plaintiff performed following a motor vehicle accident involving K's vehicle. In count three of the complaint, the plaintiff alleged, inter alia, that A Co. was liable to it for money damages because it was a third-party beneficiary of K's insurance contract with A Co. Thereafter, A Co. filed a motion to dismiss count three on the ground that the plaintiff lacked standing because it was not a third-party beneficiary to the insurance policy. In granting A Co.'s motion to dismiss, the trial court adopted the decision in *Hilario's Truck Center, LLC* v. *Rinaldi*, Superior Court, judicial district of Danbury, Docket No. CV-16-6019558-S (October 17, 2016), which involved the same plaintiff as this case. Two months before the plaintiff filed its appellate brief in this case, this court affirmed the trial court's decision in *Rinaldi* and held that, under circumstances nearly identical to those in the present case, the plaintiff towing company was not an intended third-party beneficiary of an automobile insurance policy between an insurance company and the insured, and it therefore lacked standing to bring an action against the insurance company. On the plaintiff's appeal to this court, *held* that the plaintiff could not prevail on its claim that the trial court improperly dismissed the third count of the complaint against A Co.; the plaintiff's briefing on appeal did not cite to, address or distinguish the present case from either the *Rinaldi* decision adopted by the trial court, which formed the basis of its decision dismissing count three, or this court's prior decision affirming *Rinaldi*, which was binding on this court, and the plaintiff, therefore, failed to meet its burden of demonstrating that the trial court committed error by granting the defendant's motion to dismiss.

Argued March 6–officially released June 4, 2019

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Danbury, where the court, *Mintz, J.*, granted the motion to dismiss filed by the defendant Allstate Insurance Company and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Kenneth A. Votre*, for the appellant (plaintiff).

*Raymond J. Kelly*, for the appellee (defendant Allstate Insurance Company).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Hilario Truck Center, LLC, appeals from the judgment of dismissal of the third count of its operative complaint following the granting of the motion to dismiss filed by the defendant Allstate Insurance Company (Allstate).[1] The plaintiff argues that the court erred when it concluded that the plaintiff lacked standing to bring a claim as a third-party beneficiary against Allstate pursuant to an automobile insurance policy issued to the defendant Kevin E. Kohn. We affirm the judgment of the trial court.

The plaintiff commenced the present action in October, 2015. In its operative complaint, the plaintiff alleged the following facts.[2] On October 23, 2014, the defendant Kevin S. Kohn was operating a 1995 Buick in Newtown. The vehicle, owned by his father, Kevin E. Kohn, swerved off the road and came to rest on the property of Cliff Beers and Maryellen Beers. Kevin E. Kohn called the plaintiff to remove the vehicle from the property and tow the vehicle to its facility. The plaintiff successfully removed the vehicle from the Beers' property.

The plaintiff filed a three count complaint against Kevin S. Kohn, Kevin E. Kohn and Allstate. The first and second counts, sounding in breach of contract and unjust enrichment, were directed against Kevin S. Kohn and Kevin E. Kohn.[3] The third count, directed against Allstate, alleged that Kevin E. Kohn was the named insured of an insurance policy issued by Allstate. The plaintiff further claimed the insurance policy obligated Allstate to make payments to a third party for damages arising from the use of an automobile covered under the policy and that Allstate had not done so.[4] Finally, the plaintiff alleged that it was due payment for its towing services as a third-party beneficiary pursuant to the insurance policy and that Allstate had failed to pay the plaintiff.

On August 22, 2017, Allstate moved to dismiss the third count of the plaintiff's operative complaint. Allstate argued that the plaintiff was not a third-party beneficiary of its insurance policy issued to Kevin E. Kohn. Allstate reasoned, therefore, that the plaintiff lacked standing. In support of this motion, Allstate relied on the judgment rendered by the court, *Truglia, J.*, in *Hilario's Truck Center, LLC* v. *Rinaldi*, Superior Court, judicial district of Danbury, Docket No. CV-16-6019558-S (October 17, 2016), aff'd, 183 Conn. App. 597, 193 A.3d 683, cert. denied, 330 Conn. 925, 194 A.3d 776 (2018).[5]

On December 18, 2017, the court granted Allstate's August 22, 2017 motion to dismiss, stating: "Granted. The court adopts Judge Truglia's ruling in . . . *Hilario's Truck Center, LLC* v. [*Rinaldi*, supra, Superior Court, Docket No. CV-16-6019558-S]." This appeal followed.

In *Hilario's Truck Center, LLC* v. *Rinaldi*, 183 Conn. App. 597, 598, 193 A.3d 683, cert. denied, 330 Conn. 925, 194 A.3d 776 (2018), this court specifically held that, under nearly identical circumstances, a towing company is not an intended third-party beneficiary of an automobile insurance policy between an insurance company and the insured.[6] This court noted that "[a] person or entity that is not a named insured under an insurance policy and who does not qualify, at least arguably, as a third-party beneficiary, lacks standing to bring a direct action against the insurer." Id., 603–604. Additionally, this court stated that "the fact that a person is a foreseeable beneficiary of a contract is not sufficient for him to claim rights as a [third-party] beneficiary." (Internal quotation marks omitted.) Id., 608. Ultimately, this court concluded that neither the language of the insurance contract nor public policy supported the claim that a towing company, under such circumstances, was a third-party beneficiary of an automobile insurance contract. Id., 606–12. As a result, the towing company lacked standing to maintain a direct action against the insurance company. Id., 612.

In its appellate brief in the present case, the plaintiff failed to mention, distinguish, or address in any way *Hilario's Truck Center, LLC* v. *Rinaldi*, supra, Superior Court, Docket No. CV-16-6019558-S, which served as the basis of the decision of the trial court to grant the defendant's motion to dismiss in the present case. Additionally, the plaintiff overlooked this court's opinion in *Hilario's Truck Center, LLC* v. *Rinaldi*, supra, 183 Conn. App. 597, which was issued two months *prior* to the filing of the plaintiff's appellate brief. The plaintiff did not file a reply brief nor did it provide any notice pursuant to Practice Book § 67-10 addressing the *Rinaldi* case.[7] As stated succinctly in the defendant's brief, the plaintiff, in its appellate brief, "has not even attempted to distinguish [*Hilario's Truck Center, LLC* v. *Rinaldi*, supra, 183 Conn. App. 597], from the [present] case."[8]

"It is a fundamental principle of appellate review that our appellate courts do not presume error on the part of the trial court. . . . Rather, we presume that the trial court, in rendering its judgment . . . undertook the proper analysis of the law and the facts. . . . . [T]he trial court's ruling is entitled to the reasonable presumption that it is correct unless the party challenging the ruling has satisfied its burden demonstrating the contrary." (Citation omitted; internal quotation marks omitted.) *Reinke* v. *Sing*, 186 Conn. App. 665, 700, 201 A.3d 404 (2018). By declining to address the basis of the trial court's decision, as well as the controlling precedent from this court, the plaintiff has not met its burden of demonstrating error in the granting of the defendant's motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In its complaint, the plaintiff also named Kevin S. Kohn and Kevin E. Kohn (Kohns) as defendants. On February 14, 2018, the court rendered judgment against the Kohns in the amount of $5000. The Kohns are not parties to this appeal.

[2] "When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . [I]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." (Internal quotation marks omitted.) *Ion Bank* v. *J.C.C. Custom Homes, LLC*, 189 Conn. App. 30, 37–38,     A.3d     (2019).

[3] The complaint alleged that the Kohns had failed to pay the plaintiff for its services in recovering the vehicle from the Beers' property and that, therefore, there had been a breach of contract, or, in the alternative, the Kohns had been unjustly enriched.

[4] Specifically, the plaintiff alleged: "Allstate's third party liability insurance coverage policy with defendant, Kevin E. [Kohn] states: Allstate will pay for damages an insured person is legally obligated to pay because of bodily injury or property damage meaning . . . 2. [D]amage to or destruction of property, including loss of use. Under these coverages, your policy protects an insured person from liability for damages on account of accidents arising out of the ownership, maintenance or use, loading or unloading of the auto we insure." (Emphasis omitted.)

[5] In *Hilario's Truck Center, LLC* v. *Rinaldi*, supra, Superior Court, Docket No. CV-16-6019558-S, the defendant, Nationwide General Insurance Company (Nationwide), moved to dismiss counts one and three of the complaint filed by Hilario's Truck Center, LLC (Hilario's), on the basis of lack of standing. Specifically, the complaint had alleged that Hilario's was a third-party beneficiary of the insurance policy between Nationwide and the named defendant, Laura Rinaldi.

Judge Truglia rejected the arguments regarding Hilario's claim that it was a third-party beneficiary of the insurance policy. Accordingly, the court concluded that Hilario's lacked standing and dismissed counts one and three of its complaint. Judge Truglia's memorandum of decision subsequently was affirmed by this court. See *Hilario's Truck Center, LLC* v. *Rinaldi*, supra, 183 Conn. App. 612.

[6] The plaintiff in the present case was also the plaintiff in *Hilario's Truck Center, LLC* v. *Rinaldi*, supra, 183 Conn. App. 597, and was represented by the same attorney.

[7] The following colloquy occurred at oral argument before this court:

"[The Court]: I'm just curious why your brief doesn't even mention the case that was relied on by the trial court . . . and affirmed by this court in 2018, [*Hilario's Truck Center, LLC* v. *Rinaldi*, supra, Superior Court, Docket No. CV-16-6019558-S] it's a pertinent authority. Whether it's in your favor or not, it's pertinent authority.

"[The Plaintiff's Counsel]: No, no. I understand that. And I think it should have, I think it should have, Your Honor, that's my fault for not addressing it and it wasn't a conscious decision to not address it. I took the position that the facts [in] this case were different because it was a different contract, it was a different situation with a consensual tow rather than [a nonconsensual] tow."

[8] At oral argument before this court, the plaintiff's counsel made efforts to distinguish the facts of the present case from those in *Hilario's Truck Center LLC* v. *Rinaldi*, supra, 183 Conn. App. 597. We decline to consider such arguments when raised for the first time at oral argument. See *Sun Val, LLC* v. *Commissioner of Transportation*, 330 Conn. 316, 336–37 n.10, 193 A.3d 1192 (2018); *Filosi* v. *Electric Boat Corp.*, 330 Conn. 231, 235 n.4, 193 A.3d 33 (2018); see also *Ryan* v. *Cassella*, 180 Conn. App. 461, 475, 184 A.3d 311 (2018) (well established that claims on appeal must be adequately briefed and cannot be raised for first time on appeal).

Even if we were to consider the arguments raised by the plaintiff's counsel that the insurance policy in this case contains broader language when compared to the terms of the policy in *Hilario's Truck Center, LLC* v. *Rinaldi*, supra, 183 Conn. App. 597, and that a consensual tow occurred here, as

opposed to a nonconsensual tow, we would not be persuaded that these differences warrant a different result.